(88 South. 296)

No. 23363.

### HOUGHLAND v. CLARK.

(April 4, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Injunction** ⬥192—Corporation not party properly enjoined from transferring property fraudulently conveyed to it by defendants.

In partner's action against a copartner alleged to have transferred the assets of the copartnership to a corporation organized by the copartner to defraud plaintiff, injunction restraining the corporation from disposing of the property so transferred to it by the copartner, and from transferring any of the shares issued to the copartner, without the corporation having been made a party to the action, *held* proper under Code Prac. arts. 299, 302, authorizing injunctions to be directed against third persons not parties to the suit where in possession of the property to which the plaintiff claims possession.

2. **Injunction** ⬥175 — Allegations of petition assumed true on motion to dissolve.

Allegation of petition will be taken as true on motion that plaintiff be ruled to show cause why injunction granted should not be dissolved.

3. **Partnership** ⬥78 — Partner's organization of corporation and transfer of firm assets to it fraudulent as to copartner.

A partner's organization of corporation and transfer of all the firm assets in his possession to the corporation, *held* fraudulent as to his copartner.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by H. J. Houghland against L. Edward Clark, in which injunction was asked against Clark and also the Old Lake Petroleum Company, Incorporated, which filed exceptions. Judgment for plaintiff, and defendant and said Petroleum Company appeal. Affirmed.

Hubert M. Ansley, of New Orleans, for appellant Old Lake Petroleum Co., Inc.

Louis R. Hoover, of New Orleans, for appellee.

PROVOSTY, J. The petition in this case alleges that the plaintiff and the defendant Clark being equal partners in a commercial partnership, and all the property of the partnership being in Clark's name, and Clark having the management of the affairs of the company, Clark went through the forms of organizing a corporation with a capital stock of 250 shares, and transferred to said corporation all the property of the partnership in payment of 249 shares of the

said stock, all of which was done by Clark fraudulently to defraud plaintiff of his interest in said partnership; that the plaintiff fears that Clark or the said corporation will dispose of said property, or may transfer to others the shares of stock thus issued to Clark; that because of said fraud the incorporation of said corporation is null, and that the court should so adjudge; but that, should the court hold otherwise, then that plaintiff is entitled to be decreed to be the owner of one-half of the stock of said corporation. Plaintiff prays for judgment against Clark, and that an injunction issue enjoining Clark and the said corporation from disposing of any of the property thus transferred by Clark to said corporation, and from transferring to any one else any of the shares of the capital stock theretofore issued to Clark.

There was no prayer for the citation of the corporation; and it was not cited.

The injunctions issued as prayed; and the corporation came into court with a motion asking that the plaintiff be ruled to show cause why the injunction against it should not be dissolved for the reasons, first, that mover had not been cited; second, that plaintiff's petition showed no cause of action against mover; and, third, that "there is nonjoinder of parties defendant herein."

[1] The question is as to whether citation was necessary. The Code of Practice provides:

"Article 299. The injunction may be directed against third persons not parties to a suit, in the cases enumerated in the following articles."

"Art. 302. If one be in possession of property, of whatever nature it may be, whether the same was placed in his hands as a deposit or otherwise, and a third person claims the ownership of such property by a suit, such third person may obtain an injunction directed against the possessor of such property, prohibiting him from disposing of the same until the further order of the court."

The case comes squarely under these articles; and it will be observed that injunction thus issues against "third persons not parties to the suit."

[2, 3] Moreover, taking all the allegations of the plaintiff's petition to be true, as must be done for disposing of said rule, the organization of the corporation and the transfer of the property of the partnership to it was a mere fraud, and the corporation. a mere straw concern, representing, for all the purposes of this suit, nothing and nobody but Clark himself.

This was the view taken by the learned trial judge.

Judgment affirmed.